UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA COLLINS and NICOLE COLLINS,

    Plaintiffs,

v.                                    Case No. 8:16-cv-280-T-24-MAP

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Remand. (Doc. No. 10). Defendant opposes the motion. (Doc. No. 11). As explained below, the motion is granted.

**I. Background**

Plaintiffs Angela and Nicole Collins allege the following in their complaint (Doc. No. 2): On June 3, 2011, an under-insured driver negligently drove their car and collided with Plaintiffs' car, resulting in bodily injuries to Plaintiffs. Plaintiffs were insured by an automobile insurance policy issued by Defendant GEICO General Insurance Company ("GEICO"), which provided under-insured motorist ("UM") benefits of $100,000 per person and $300,000 per occurrence. Plaintiffs made a claim for UM benefits, but GEICO failed to settle their claims.

As a result, Plaintiffs filed suit against GEICO in state court, asserting two claims against GEICO: (1) a claim for UM benefits, and (2) a claim that GEICO failed to settle their UM claims

in bad faith.[1]  Plaintiffs state in their complaint that they are seeking damages in excess of $15,000.

Plaintiffs served GEICO with the complaint on January 15, 2016, and GEICO removed the case to this Court on February 4, 2016 on the basis of diversity subject matter jurisdiction. There is no dispute that the parties are diverse.  However, Plaintiffs filed the instant motion to remand, arguing that the amount in controversy threshold is not met, and as such, this Court lacks diversity subject matter jurisdiction.

## II.  Motion to Remand

Plaintiffs argue that this case must be remanded to state court, because GEICO has not met its burden of showing that the amount in controversy exceeds $75,000.  Plaintiffs are correct that GEICO has the burden of establishing that federal jurisdiction exists.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citation omitted).  As explained below, the Court agrees with Plaintiffs that GEICO has not met its burden.

Since Plaintiffs have not pled a specific amount of damages in their complaint, GEICO must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  See id. (citation omitted).  As explained by one court:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting

---

[1] Plaintiffs agreed to dismiss their bad faith claim, as it is not yet ripe.  (Doc. No. 8).

>forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

Id. at 1319-20.

On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. See id. at 754. However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

To support its contention that the amount in controversy exceeds $75,000, GEICO relies on Plaintiffs' Civil Remedy Notices ("CRNs") that were attached to the complaint.[2] (Doc. No. 2). Plaintiffs state in their CRNs that their claims "warrant[] payment of the policy limits" and that GEICO's payment of the $100,000 policy limit to each of them would satisfy their claims. (Doc. No. 2, p. 48, 55). Because the UM policy limit is $100,000 per person, and because Plaintiffs state in the CRN that they were demanding the policy limit, GEICO argues that it has shown that the amount in controversy exceeds $75,000.

Plaintiffs, however, argue that CRNs, alone, do not establish the amount in controversy. Most of the reported cases within the Middle District of Florida appear to conclude that CRNs are not sufficient evidence of the amount in controversy unless there is also specific information

---

[2] A CRN must be filed before a person can assert a bad faith claim under Florida Statute § 624.155. See Fla. Stat. § 624.155(3)(a).

to support the amount demanded in the CRN.[3] See Yetter v. Amica Mutual Ins. Co., 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013)(considering the CRN, but also noting that the plaintiff stated in the CRN that her doctors recommended that she undergo spinal surgery); Houston v. Garrison Property & Cas. Ins. Co., 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014)(concluding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing $56,255.17 in medical bills, were not sufficient to establish diversity jurisdiction); Green v. Travelers Indemnity Co., 2011 WL 4947499, at *3-4 (M.D. Fla. Oct 18, 2011)(concluding that the plaintiff's CRN demanding the $100,000 policy limit was not sufficient to establish diversity jurisdiction, because the record lacked specific facts to remove the uncertainty regarding the value of the plaintiff's claim); Beal v. State Farm Automobile Ins. Co., 2012 WL 4049516, at *2-3 (M.D. Fla. Sept. 12, 2012)(concluding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing damages totaling less than $75,000, were not sufficient to establish diversity jurisdiction).

GEICO responds by pointing to Wilt v. Depositors Insurance Company, 2013 WL 6195768 (M.D. Fla. Nov. 26, 2013), in which this Court found that the value of the plaintiff's claim met the jurisdictional threshold. In Wilt, this Court considered the plaintiff's CRN, in

---

[3]This Court has also found two unreported cases in the Middle District of Florida that have considered the issue and concluded that CRNs demanding an amount in excess of $75,000 are not, without more, sufficient to establish diversity jurisdiction. See Ennis v. State Farm Mutual Automobile Ins. Co., 3:11-cv-637-J-37 JBT (M.D. Fla. Aug. 10, 2011) at p.6; Jeffers v. State Farm Mutual Automobile Ins. Co., 3:09-cv-1097-J-34 JBT (M.D. Fla. July 19, 2010) at p. 10.

The only case within the Eleventh Circuit that this Court has found where a court has accepted as sufficient the plaintiff's conclusory statement within a CRN that she had a good faith belief that her claim exceeded $75,000 was in Smith v. State Farm Mutual Automobile Ins. Co., 2010 WL 9871641, at * (S.D. Fla. Sept. 14, 2010). However, that case appears to be the first reported case within the Eleventh Circuit on this issue and contains no other analysis.

which her counsel stated that it was "'abundantly clear, from the medical documentation, and the statement under oath provided by [the plaintiff], that her claim ha[d] a value well in excess of the remaining available policy limits of $275,000.00.'" Id. at *3.  Thus, the Wilt court did not rely solely on the CRN's $275,000 demand to find that the amount in controversy was met; there was other evidence detailing the extent of the plaintiff's injuries and her medical bills.  See id. at *2.

Based on the above, this Court concludes that Plaintiffs' conclusory allegations in their CRNs in the instant case are not sufficient to show that the amount in controversy exceeds $75,000.  Therefore, this Court concludes that it lacks diversity subject matter jurisdiction.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED**.  The Clerk is directed to remand this case to state court, terminate all pending motions, and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of March, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record